## STATE ex LUEDERS, v BABER

Ohio Common Pleas, Hamilton Co

Decided August 19, 1938

Dudley Miller Outcalt, prosecuting attorney Walter M. Locke, Edward Strasser, asst. pros. attys., Cincinnati for relator.

Herbert S. Duffy, attorney general, Morton B. Icove, asst. atty. general, Columbus, for respondent.

## OPINION

By BELL, J.

This is an action for a writ of mandamus. The petition in this case sets forth that the relator is the duly elected, qualified and acting probate judge of this county and that the respondent, E. A. Baber, is the duly appointed, qualified and acting superintendent of Longview State Hospial, a state institution for the insane, operated under the direction of the Ohio Department of Public Welfare.

The petition further sets forth that on March 29, 1938, the relator, in accordance with law, found that Charles William Hoes was then and there an insane person and ordered him committed to the Longview State Hospital;

That the court, under its official seal, designated George A. Lutz, Jr., the sheriff of this county, to immediately take charge of and convey the said Hoes to said Longview State Hospital and to make due return of his action to the Probate Court of this county;

That the respondent, Baber as superintendent of this hospital, refused to accept from the sheriff the person of Charles William Hoes as a patient, contrary to the statute in such cases made and provided.

The petition then sets forth that other disposition was made by the person of Hoes and, since said disposition, he had become dangerous and vicious and that the place where he is now confined is not able to continue to take care of his person; that the relator has no adequate remedy at law and a writ of mandamus is prayed for.

To the petition the respondent filed a demurrer, two grounds being set forth: First, that the petition does not state facts sufficient to constitute a cause of action, and, Second, that there is a defect in parties defendant. The court will dispose of these claims in this demurrer in the inverse order in which they are set forth.

First, that there is a defect in parties defendant.

It is the claim of the state that the Director of Public Welfare is a necessary and proper party to his proceeding. With this claim the court is not in accord. The statute

provides that the superintendent of the insane hospitals in this state shall have the full management and control; it is further provided that upon the receipt of an insane person the superintendent shall give a receipt, and that the application for entrance into an insane hospital must be made to the superintendent and that he shall designate the time when the patient will be received.

While it is true that all insane hospitals are under the Director of Public Welfare, it is equally true that the management and control are under the direction of the superintendent.

The court is, therefore, of the opinion that there is no defect in parties defendant.

Coming now to the second ground, whether or not the petition states a cause of action.

Mandamus is provided for by the statutes of this state. §12283 provides:

"Mandamus is a writ issued in the name of the state, to an interior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Sec 12287 provides:
"The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law."

This section of the code has been before the Supreme Court on a number of occasions and in **State v Zannerly, 126 Oh St 589**, it is said:

"Mandamus being an extraordinary writ is not available where there is a plain and adequate remedy in the ordinary course of the law."

The same holding was made in **State v Mills, 103 Oh St 172**, so that the court is confronted with two questions: One, is there an act specially enjoined upon the respondent as a duty resulting from an office, trust, or station, and, Secondly, has the relator an adequate remedy in the ordinary course of the law?

The Constitution of Ohio, **Article 17, Section 1**, provides:

"That institutions for the benefit of the insane, blind, deaf and dumb, shall always be fostered and supported by the state, and be subject to such regulations as may be prescribed by the General Assembly."

The Supreme Court in construing this provision of the constitution has concluded and held, and it is now a settled law of the state, that this provision of the constitution is not self-executing, and that the constitution reposes in the Legislature the power to determine in what manner this constitutional provision shall be carried out.

In carrying out this constitutional provision the Legislature has provided for certain hospitals in various parts of the state to be the places for the care and the keep of insane persons. The Legislature has further provided that there may be detention hospitals set up in any county to take care of the insane where the public institutions are over-crowded, or to hold persons for care and treatment who are temporarily insane, and it is provided that in such detention hospitals the state shall pay one-half of the expense and the county shall pay the other half of the expense.

With the reference to the placing of insane persons in the state institutions, it would seem from a reading of the statutes that the probate courts of the various counties do not have the right to merely order a person sent to an insane hospital; the statutes would seem to mean and declare that after the Probate Court has found a person to be insane, that the court must make an application to the superintendent of the state hospital for an admission of that insane person, and that the superintendent of the hospital shall designate when the patient may be admitted.

The petition in this case proceeds upon the theory that where the Probate Court finds a person to be insane, that the court has the power to order the insane person accepted in the insane institution and it is the duty of the superintendent to accept such person. That is not in keeping with the provision of the statutes and, unless those statutes be unconstitutional, the order of procedure is that the court declares a person to be insane and then applies to the superintendent for his admission into the hospital, and the superintendent fixes the time when the patient will be received.

It is claimed by the relator that certain of these sections are unconstitutional. It is not necessary in this case to decide that question. The court is of the opinion that the statutes are constitutional, but the turning point in this case, in the opinion of the court, is that the relator has a plain and adequate remedy in the ordinary course of the

272

law, and therefore cannot maintain this action.

The petition discloses, and all of the well pleaded facts set forth in the petition are admitted to be true by the demurrer, that the relator is the probate judge of this county, that he has entered a judgment finding this man to be an insane person and that he has ordered the superintendent to receive him. If the Probate Court is correct in concluding that it has that power, then it has full and plenary power, under the constitution and the laws of this state, to enforce its own judgment. If the respondent has unlawfully and wrongfully refused to accept this person in compliance with the judgment of the Probate Court, the Probate Court has ample authority to punish the respondent for contempt of court, and that is the exact and only remedy which could be applied by this court if this court undertook to issue this writ.

It is said by counsel for the relator that he has no desire to punish the respondent at for contempt, but that the relief he seeks is to have this man received in the institution. That is manifestly true, but if this court issued a writ of mandamus ordering Dr. Baber to receive this man, it would be exactly equivalent to the judgment of the Probate Court already entered, and if Dr. Baber refused to receive him on the order of this court, as it is alleged in the petition he refused upon the judgment of the Probate Court, then this court would have no way of enforcing its judgment except by proceedings in contempt.

Without going further at length into this subject, the court is of the opinion that the Probate Court of Hamilton County has equal power under the law to enforce its judgment as has the Common Pleas Court, and in this case, if the Probate Court be right in the conclusion reached, the relator, as the judge of that court, has a plain and adequate remedy in the ordinary course of the law to correct the grievance of which he complains in his petition in mandamus.

Therefore, this petition cannot be maintained and it will be dismissed at the relator's costs.